ROUSE v. ROGERS.

HIGHWAYS AND STREETS—REMOVAL OF COUNTY ROAD COMMISSIONER.
    A majority vote of board of supervisors being necessary to re-
    move member of board of county road commissioners, a tie
    vote on removal was final action effective in his favor and
    rendered void subsequent ouster without preferment of new
    charges and opportunity to be heard (1 Comp. Laws 1929,
    § 3981)..

Appeal from Charlevoix; Gilbert (Parm C.), J.
Submitted April 25, 1934. (Docket No. 161, Cal-
endar No. 37,349.) Decided June 4, 1934.

*Quo warranto* by LaVerne C. Rouse to oust
Samuel E. Rogers from the office of county road
commissioner of Charlevoix county. Judgment for
defendant. Plaintiff appeals. Reversed.

*Patchin & Menmuir* and *Ben H. Halstead*, for
plaintiff.

*Rollie L. Lewis* (*J. M. Harris*, of counsel), for de-
fendant.

NORTH, J. Plaintiff brought *quo warranto* pro-
ceedings to review his removal from the office of
county road commissioner of Charlevoix county and
appointment of defendant in his stead. The removal
proceedings were conducted by the board of super-
visors, under 1 Comp. Laws 1929, § 3981, which pro-
vides:

"But a county road commissioner so appointed
shall not be removed from office before the expira-

tion of his term of office without being given due written notice of the charges made against him and an opportunity to appear before the board of supervisors for a hearing thereon.''

In view of the contentions of the parties, it is necessary to set up the records of the board of supervisors rather fully.

At a meeting of June 30, 1932, several supervisors joined in complaint against plaintiff and petitioned for a hearing. The charge was that the General Oil Company sold gas and oil to the board of county road commissioners when plaintiff was a commissioner and also a stockholder of the oil company, in violation of 1 Comp. Laws 1929, § 3985. By amendment, charges were also preferred against the other commissioners, Wangeman and Byers, for auditing bills of the oil company, knowing they were in violation of law. July 19th was set for hearing and the board adjourned to that day.

On July 19th the hearing was had. The board of supervisors was represented by the prosecuting attorney and an assistant attorney general. Plaintiff and Byers had counsel. Wangeman conducted his own defense. Testimony was taken, arguments were had and a motion was carried ''that the matter of removing said members of the board of road commissioners from office be brought to a vote at once.'' A short recess was taken. When the board reconvened, the roll was called, with 24 supervisors present and one absent, and motion was made ''that said members of the road commission be voted on in order of their expiration of office and that W. E. Byers be retained as county road commissioner until the expiration of his term.'' An amendment that plaintiff be voted on first was offered and declared out of order. Thereupon ''supervisors voting aye

being to retain said member, supervisors voting nay being to remove said member," the vote was taken and entered and "the majority votes being ayes, said commissioner W. E. Byers was retained for the expiration of his said term."

Motion was made "that F. H. Wangeman be retained as county road commissioner until the expiration of his term." The vote was taken and entered that "the following supervisors voted aye, being to retain said commissioner. * * * The following supervisors voted nay being to remove said commissioner. * * * The majority votes being ayes, said commissioner F. H. Wangeman was retained until the expiration of his term."

Motion was made "that L. C. Rouse be retained as commissioner until the expiration of his term. The clerk called the roll and the following supervisors voted aye, being to retain said commissioner. * * * The following supervisors voted nay, being to remove the said commissioner. * * * Twenty-four votes cast, of which 12 were ayes and 12 were nays. It being a tie vote, it was declared that said commissioner L. C. Rouse be retained."

The board then adjourned.

The regular annual meeting of the board of supervisors commenced October 10th. On that day the minutes of the previous meetings were read and approved as read. A resolution was offered and adopted requesting the immediate resignation of plaintiff as county road commissioner for violation of 1 Comp. Laws 1929, § 3985. An amendment that the resignation of the other members be requested was lost. The clerk was instructed to request plaintiff to present his resignation within 24 hours.

October 12th a resolution was adopted that charges be filed against plaintiff for official miscon-

duct in violating 1 Comp. Laws 1929, § 3985, and in allowance of claims and making of contract not in accordance with the best interests of the county; that the prosecuting attorney be directed to draft such charges as the evidence warrants, a copy be served on plaintiff, and a hearing be had on October 17th. No charges were drafted but a copy of the resolution was left at plaintiff's residence.

October 17th plaintiff's attorney filed written demand for specifications of the charges and denied the authority of the board to retry him on the former complaint. The board then adopted a resolution, reciting the hearing of July 19th, that "we did adjourn without deciding the guilt or innocence of said commissioners and without taking a vote thereon, the said cause being unfinished business," and, by the resolution, finding Byers and Wangeman not guilty, that the charges against plaintiff were true in that he had violated 1 Comp. Laws 1929, § 3985 by reason of the General Oil Company, "of which he was manager and also joint owners of the real estate used in the business of said company," selling products to the commission, that he was subject to removal and declaring him removed and his office vacant. On the same day defendant was appointed commissioner for the unexpired term of plaintiff.

Plaintiff contends the proceedings for removal were completed on July 19th and the declaration of his retention in office was final. Defendant claims the vote at that meeting was meaningless, was "parliamentary legerdemain," and especially that the tie vote on plaintiff was without effect and the matter remained unfinished business for the next meeting of the board.

The statute does not set up the machinery for the removal proceedings. It does not require a vote of

guilty or not guilty of the charges. The board might find the charges proved but not of a character to justify or require removal from office. The question was whether the accused should be removed from office or be retained. The board had ample legal advice and it is a fair inference that the question for vote was framed within the statute. But inferences need not be relied upon. The constant repetition in the record of the effect of the vote, both before and after it was taken in each case, leaves no doubt that the supervisors intended, on July 19th, to exercise their powers under the statute and to determine the question of removal of each commissioner. It is apparent the board considered that the action was final until after their request for plaintiff's resignation was ineffective and the protest of plaintiff's counsel against retrial on the same charges was received, when someone conceived the idea of treating the former proceedings as unfinished business. The tie vote on plaintiff's removal was effective in his favor because, regardless of the form of the question, a majority is necessary to remove an officer.

In our opinion, the proceedings of July 19th were final, the tie vote as to plaintiff resulted in his retention in office, and no further proceedings could be had to remove him without new statement of charges and chance to be heard.

Judgment for defendant is reversed and cause remanded for entry of judgment for plaintiff, with costs of this court.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.